BRUNOT, J.
 

 The police jury of the parish of Acadia funded into bonds a part of the avails of its general alimony tax for the purpose of building a parish jail.
 

 The procedure required by Act No. 40 of
 
 *515
 
 1922, for ascertaining tile excess revenues of the parish, was literally complied with, and the pleadings present but one question for decision, viz., whether the action of the police jury, whereby it set aside, pledged, and dedicated aiji amount equal to two-fifths of one mill of its general tax for parochial purposes to the payment of bonds issued for the sum of 870,000, contravened the limitation-fixed by section 8 of article 14 of the Constitution of 1921.
 

 The bonds were issued under the provisions of article 14, § 14 (e), of the Constitution of 1921, and of Act No. 40 of 1922. When the bonds were offered for sale, the defendant bank, and Weil, Roth & Irving submitted a joint bid for the issue. Their bid was par and accrued interest. It was accepted, and thereafter the defendant bank acquired all rights of the other joint bidders and is willing and ready to Comply with its bid and accept the bonds provided they are finally adjudged to be a valid, legal, and binding obligation of the parish of Acadia. Erom the judgment of the district court, sustaining the validity of the bonds, the defendant appealed.
 

 ■Article 14, section 14 (e), of the Constitution authorizes police juries to fund the avails of the general tax for parochial purposes into bonds for certain designated purposes, fixes the maximum term of the bonds, the maximum interest they shall bear, and the minimum price for .which they may be sold.
 

 The pertinent part of section 14 (e) of the article reads:
 

 “The police juries of the various parishes throughout the state, for the purpose of constructing and maintaining highways or public buildings for the parish, * * * after making provision for the payment of all statutory and ordinary charges, may fund into bonds running for -a period not to exceed ten years) and •bearing interest at a rate not to exceed six per centum per annum, which bonds shall not be sold for.less than par, the avails or residue of ' the' 'tax ’authorized by this Constitution.”
 

 The maximum tax levy for general parochial purposes is fixed by sections 8 and 11 of the same article. Section 11 fixes the limitation with respect to the parish generally, and section 8 with respect to property in certain cities and towns in the parish. These sections, in inverse order, numerically, or so much of the sections as are pertinent, to the inquiry, follow:
 

 Section 11. “No parish tax, * * * for all purposes whatsoever, shall exceed in any one years four mills on the dollar of assessed valuation.”
 

 Section .8. “No parish, * * * shall levy for parochial purposes, on property located wholly within incorporated cities and towns of the state, having a population in excess of one thousand (1000) inhabitants, according to the last census, which provide and maintain systems of street paving, any general parochial tax in excess of one-half the levy for. general parochial purposes.”
 

 The municipalities of Rayne, Crowley, and Church Point in the parish of Acadia have populations in excess of 1,000 inhabitants and maintain systems of street paving, hence the Constitution limits the tax levy, for general parochial purposes, upon the assessed valuation of the taxable property situated in those towns to one-half of the levy upon the taxable property situated elsewhere in the parish. It is this limitation which gave rise to this suit. The defendant contends that the pledge and dedication of two-fifths of one mill of the general alimony tax
 
 is a levy of that much parish tuxes,
 
 and as the Constitution limits the tax levy for parochial purposes on property situated in the towns named to one-half of whatever amount of said taxes may be levied on the taxable property of the parish, situated outside of those towns, the dedication strikes the whole proceeding with nullity.
 

 Appellant errs in assuming that the dedication by the police jury of the avails of its general alimony tax
 
 is the levy of a tax.
 
 Neither the Constitution of the state nor the Enábling Act, No. 40 of 1922, can be so
 
 *517
 
 interpreted. All that the provisions of either require is that, before the police jury can fund its excess revenues into bonds the purpose must be authorized; the surplus available out' of the parish general alimony tax must be ascertained in a certain manner, reduced to mills and fractions thereof, irrevocably pledged and dedicated, and the amount or as much thereof as may be needed must be budgeted each year during the term of the bonds to pay the same in principal and interest. The learned trial judge, in his reasons for judgment, in answer to defendant’s contention, correctly says:
 

 “The answer is that it is not proposed to levy the same amount of millage for these towns as for the balance of the parish. On the contrary, the resolution provides in express terms, for the issuance of bonds based upon the proposed levy of a two mill tax for the towns above named and for a four mill tax for the balance of the parish. The resolution under consideration levied no tax at all. It dedicated the taxes remaining after providing for its current expenses and other obligations, and it reduced this revenue to a definite millage, as it was required to do; 'but this does not constitute the levying of a tax.”
 

 Article 14, section 14 (e), of the Constitution has no reference whatever to a tax levy. It relates exclusively to the avails or residue, remaining, of the general tax levy authorized by other provisions of the Constitution, after the police juries or governing authorities of municipalities have made provision, as required by law, for the payment of all statutory and ordinary charges. This provision of the Constitution is plain and unambiguous. It is not susceptible of any other interpretation.
 

 The Enabling Act, No. 40 of 1922, which was passed to carry section 14 (e) of article 14 of the Constitution into effeét, necessarily relates only to the grant of power conferred by the constitutional provision. Its sole purpose is to make that provision effective. •
 

 Eor these reasons our conclusion is that the bonding of the avails of the general alimony tax of a parish or municipality is not, in any sense, the levy of a tax, and the dedication of an ascertained millage or fraction thereof to pay the bonds does not contravene the provisions of section 8 of article 14 of the Constitution.
 

 For these reasons the judgment appealed from is affirmed, at appellant’s cost.